E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
ELIZABETH S.P. DOUGLAS (Cal. Bar No. 331031)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5728
    Facsimile: (213) 894-0141
    Email:    elizabeth.douglas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:22-cr-00474-JLS |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JULIA BETH CODA |
| v. | |
| JULIA BETH CODA,<br>  aka "Julia Beth Taus,"<br> aka "Bonfire," | |
| Defendant. | |

    1.   This constitutes the plea agreement between JULIA BETH CODA("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

    2.   Defendant agrees to:

       a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the single-count

*DM*
*6.26.23*

indictment in <u>United States v. JULIA BETH CODA</u>, No. :22-cr-00474-JLS, which charges defendant with the use of interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958(a).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

i.   If the Court orders defendant to pay any criminal debt, the defendant shall:

1          i.   Complete the Financial Disclosure Statement on a
2    form provided by the USAO and, within 30 days of the court's entry of
3    any order requiring defendant to pay criminal debt, deliver the
4    signed and dated statement, along with all of the documents requested
5    therein, to the USAO by either email at usacac.FinLit@usdoj.gov
6    (preferred) or mail to the USAO Financial Litigation Section at 300
7    North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.
8    Defendant agrees that defendant's ability to pay criminal debt shall
9    be assessed based on the completed Financial Disclosure Statement and
10   all required supporting documents, as well as other relevant
11   information relating to ability to pay.

12          ii.  Authorize the USAO to obtain a credit report upon
13   returning a signed copy of this plea agreement.

14          iii. Consent to the USAO inspecting and copying all of
15   defendant's financial documents and financial information held by the
16   United States Probation and Pretrial Services Office.

17        j.   Agree to and not oppose the imposition of the
18   following conditions of probation or supervised release:

19          i.   Defendant shall possess and use only those
20   Digital Devices and Internet Accounts that have been disclosed to,
21   and approved by, the United States Probation and Pretrial Services
22   Office upon commencement of supervision.  Any changes or additions to
23   Digital Devices or Internet Accounts are to be disclosed to, and
24   approved by, the Probation Officer prior to the first use of same.
25   Disclosure shall include both user names and passwords for all
26   Digital Devices and Internet Accounts.  Digital Devices include, but
27   are not limited to, personal computers, tablet computers such as
28   iPads, mobile/cellular telephones, personal data assistants, digital

3

storage media, devices or media which provide access to electronic games, devices that can access or can be modified to access the Internet, as well as any of their peripheral equipment.  Internet Accounts include, but are not limited to, email accounts, social media accounts, electronic bulletin boards, or other account on the Internet.

ii.   After the Probation Officer has given defendant approval to use a particular Digital Device or Internet Account, defendant need not notify the Probation Officer about subsequent use of that particular Digital Device or Internet Account.  The defendant shall not hide or encrypt files or data without specific prior approval from the Probation Officer.

iii. Defendant shall provide the Probation Officer with all billing records for any service or good relating to any Digital Device or Internet Account, including those for cellular telephone, cable, Internet and satellite services, as requested by the Probation Officer, so that the Probation Officer can verify compliance with these requirements.

iv.   Defendant shall not use or possess more than one virtual currency wallet/account, and that one wallet/account must be used for all virtual currency transactions.  Defendant must not obtain or open a virtual currency wallet/account without prior approval of her Probation Officer.  Defendant must disclose all virtual currency wallets/accounts to the Probation Officer upon commencement of supervision.  Defendant may use or possess only open public blockchain virtual currencies and is prohibited from using private blockchain virtual currencies unless prior approval is obtained from her Probation Officer.

1    v. Defendant shall not access the dark web and shall

2 not download, install, and/or use any application or program designed

3 to facilitate access to the dark web.

4    vi. Defendant shall comply with the rules and

5 regulations of the Computer Monitoring Program.  Defendant shall pay

6 the cost of the Computer Monitoring Program, in an amount not to

7 exceed $32 per month per device connected to the internet.

8    vii. Defendant shall not knowingly contact, or attempt

9 to contact, the victim, or any spouse or significant other with whom

10 the victim may share an intimate relationship and any children of the

11 victim not biologically related to defendant (whether existing now or

12 during the pendency of any term of supervised release) (collectively,

13 the "Victim's Family"), directly or indirectly by any means,

14 including but not limited to in person, by mail, telephone, email,

15 text message, or other electronic means, or through a third party.

16 Defendant shall not attempt to locate the victim or the Victim's

17 Family, or attempt to obtain information concerning the whereabouts,

18 phone numbers, email addresses, or other personal identifiers of the

19 victim or the Victim's Family.  Further, defendant shall remain at

20 least 100 yards from the victim at all times.  If any contact occurs,

21 defendant shall immediately leave the area of contact and report the

22 contact to the Probation Officer.  Defendant must comply with any

23 court order relating to contact with, and custody of, the victim's

24 biological child to whom defendant is related.

25    viii. Defendant shall participate in mental health

26 treatment, which may include evaluation, counseling, or treatment, as

27 directed by her Probation Officer.  Defendant must pay all or part of

28 the costs based upon her ability to pay as determined by the United

States Probation and Pretrial Services Office.

THE USAO'S OBLIGATIONS

3.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.    At the time of sentencing -- provided that (i) defendant complies with paragraph 2 and the other provisions of this agreement up through the time of sentencing, and (ii) the Court adopts the Sentencing Factors set forth in paragraph 12 -- recommend a one-level downward variance in offense level under Booker v. United States, 543 U.S. 220 (2005), based on the factors set forth in 18 U.S.C. § 3553(a)(1)-(7) and recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range. For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

NATURE OF THE OFFENSE

4.    Defendant understands that for defendant to be guilty of the crime charged in the indictment, that is, the use of interstate commerce facilities in the commission of murder-for-hire, in

6

1   violation of Title 18, United States Code, Section 1958(a), the

2   following must be true:

3          a.   Defendant used a facility of interstate or foreign

4   commerce;

5          b.   Defendant did so with the intent that murder be

6   committed; and

7          c.   Defendant intended that the murder be committed in

8   exchange for a thing of pecuniary value.

9                    PENALTIES AND RESTITUTION

10          5.   Defendant understands that the statutory maximum sentence

11   that the Court can impose for a violation of Title 18, United States

12   Code, Section 1958(a), is: 10 years' imprisonment; a three-year

13   period of supervised release; a fine of $250,000 or twice the gross

14   gain or gross loss resulting from the offense, whichever is greatest;

15   and a mandatory special assessment of $100.

16          6.   Defendant understands that supervised release is a period

17   of time following imprisonment during which defendant will be subject

18   to various restrictions and requirements.  Defendant understands that

19   if defendant violates one or more of the conditions of any supervised

20   release imposed, defendant may be returned to prison for all or part

21   of the term of supervised release authorized by statute for the

22   offense that resulted in the term of supervised release, which could

23   result in defendant serving a total term of imprisonment greater than

24   the statutory maximum stated above.

25          7.   Defendant agrees to make full restitution to the victim of

26   the offense to which defendant is pleading guilty.  Defendant agrees

27   that, in return for the USAO's compliance with its obligations under

28   this agreement, the Court may order restitution to persons other than

the victim of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty

8.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that she is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.   Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration

1  consequences will not serve as grounds to withdraw defendant's guilty
2  plea.

3                              FACTUAL BASIS

4       10.  Defendant admits that defendant is, in fact, guilty of the
5  offense to which defendant is agreeing to plead guilty.  Defendant
6  and the USAO agree to the statement of facts provided below and agree
7  that this statement of facts is sufficient to support a plea of
8  guilty to the charge described in this agreement and to establish the
9  Sentencing Guidelines factors set forth in paragraph 12 below but is
10 not meant to be a complete recitation of all facts relevant to the
11 underlying criminal conduct or all facts known to either party that
12 relate to that conduct.

13      Beginning on an unknown date, but no later than on or about
14 February 3, 2022, and continuing until on or about March 1, 2022, in
15 Los Angeles County, within the Central District of California,
16 defendant knowingly used a facility of interstate and foreign
17 commerce, specifically, the internet, with the intent that the murder
18 of victim W.D. be committed in exchange for a thing of pecuniary
19 value, notably, approximately $9,841.41 in Bitcoin.

20      Specifically, starting in late January 2022 and continuing until
21 on or about March 1, 2022, defendant used the username "bonfire" to
22 communicate with individuals defendant believed to be hitmen on a
23 murder-for-hire website accessible via the "dark web" -- a part of
24 the internet accessible only through specialized browsers, such as
25 Tor.  Defendant initially sought to hire someone to hack into victim
26 W.D.'s phone and email.  Defendant then requested that an individual
27 she thought was a hitman kill W.D. and make it look like an
28 accidental overdose on heroin or other drugs.  Defendant suggested

1    that the hit take place while W.D. was alone, "maybe in the car" and

2    at one point indicated that "cost is not a problem."  Defendant urged

3    the completion of the deal because she wanted to "take care of this

4    asap."  As payment for the murder, defendant sent approximately

5    $9,848.41 in Bitcoin using the internet through a series of six

6    payments to someone who she believed was the hitman to complete the

7    deal.

8        On or about March 1, 2022, an agent with the Federal Bureau of

9    Investigating acting in an undercover capacity (the "UC") contacted

10   defendant.  In his communications with defendant, the UC pretended to

11   be the hitman from the murder-for-hire website.  In a phone

12   conversation with the UC -- who defendant believed was the hitman she

13   had hired -- defendant denied knowing about the murder-for-hire

14   website and the Bitcoin transaction.  Following this call, defendant

15   contacted the murder-for-hire website and sought to cancel the murder

16   contract.

17                        SENTENCING FACTORS

18       11.  Defendant understands that in determining defendant's

19   sentence the Court is required to calculate the applicable Sentencing

20   Guidelines range and to consider that range, possible departures

21   under the Sentencing Guidelines, and the other sentencing factors set

22   forth in 18 U.S.C. § 3553(a).  Defendant understands that the

23   Sentencing Guidelines are advisory only, that defendant cannot have

24   any expectation of receiving a sentence within the calculated

25   Sentencing Guidelines range, and that after considering the

26   Sentencing Guidelines and the other § 3553(a) factors, the Court will

27   be free to exercise its discretion to impose any sentence it finds

28

appropriate up to the maximum set by statute for the crime of
conviction.

12.  Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

Base Offense Level:              32            U.S.S.G. § 2E1.4

Defendant reserves the right to argue that additional specific
offense characteristics, adjustments, and departures under the
Sentencing Guidelines are appropriate.  The USAO reserves the right
to respond to any arguments made by defendant regarding additional
specific offense characteristics, adjustments, and departures under
the Sentencing Guidelines.

13.  Defendant understands that there is no agreement as to
defendant's criminal history or criminal history category.

14.  Defendant and the USAO reserve the right to argue for a
sentence outside the sentencing range established by the Sentencing
Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
(a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.  Defendant understands that by pleading guilty, defendant
gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if
necessary have the Court appoint counsel -- at trial.  Defendant
understands, however, that, defendant retains the right to be
represented by counsel -- and if necessary have the Court appoint
counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

16.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

<u>AND WAIVER OF COLLATERAL ATTACK</u>

17.   Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the Sentencing Guidelines range

corresponding to an offense level of 28 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

18. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

19.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the Sentencing Guidelines range corresponding to an offense level of 28 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence with the exception that the USAO reserves the right to appeal the amount of restitution ordered.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

21.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have

14

1    cured a breach without the express agreement of the USAO in writing.

2    If the USAO declares this agreement breached, and the Court finds

3    such a breach to have occurred, then: (a) if defendant has previously

4    entered a guilty plea pursuant to this agreement, defendant will not

5    be able to withdraw the guilty plea, and (b) the USAO will be

6    relieved of all its obligations under this agreement.

7              COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

8                             OFFICE NOT PARTIES

9        23.  Defendant understands that the Court and the United States

10   Probation and Pretrial Services Office are not parties to this

11   agreement and need not accept any of the USAO's sentencing

12   recommendations or the parties' agreements to facts or sentencing

13   factors.

14       24.  Defendant understands that both defendant and the USAO are

15   free to: (a) supplement the facts by supplying relevant information

16   to the United States Probation and Pretrial Services Office and the

17   Court, (b) correct any and all factual misstatements relating to the

18   Court's Sentencing Guidelines calculations and determination of

19   sentence, and (c) argue on appeal and collateral review that the

20   Court's Sentencing Guidelines calculations and the sentence it

21   chooses to impose are not error, although each party agrees to

22   maintain its view that the calculations in paragraph 12 are

23   consistent with the facts of this case.  While this paragraph permits

24   both the USAO and defendant to submit full and complete factual

25   information to the United States Probation and Pretrial Services

26   Office and the Court, even if that factual information may be viewed

27   as inconsistent with the facts agreed to in this agreement, this

28

                                      15

paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

26.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//
//
//
//
//
//
//
//

16

1          <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2          27.   The parties agree that this agreement will be considered

3     part of the record of defendant's guilty plea hearing as if the

4     entire agreement had been read into the record of the proceeding.

5     AGREED AND ACCEPTED

6     UNITED STATES ATTORNEY'S OFFICE
      FOR THE CENTRAL DISTRICT OF
7     CALIFORNIA

8     E. MARTIN ESTRADA
      United States Attorney

9

10    _____        08/30/2023
      ELIZABETH S.P. DOUGLAS                  Date
11    Assistant United States Attorney

12    _____        06/27/2023
      JULIA BETH CODA                         Date
13    Defendant

14    _____        06/27/2023
      MICHAEL BROWN                           Date
15    Deputy Federal Public Defender
      Attorney for Defendant JULIA BETH
16    CODA

17

18    //

19    //

20    //

21    //

22    //

23    //

24    //

25    //

26    //

27    //

28    //

                          17

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          6/27/2023
                                          _____
JULIA BETH CODA                           Date
Defendant


//
//
//
//
//
//

18

1                    CERTIFICATION OF DEFENDANT'S ATTORNEY

2          I am JULIA BETH CODA's attorney.  I have carefully and

3    thoroughly discussed every part of this agreement with my client.

4    Further, I have fully advised my client of her rights, of possible

5    pretrial motions that might be filed, of possible defenses that might

6    be asserted either prior to or at trial, of the sentencing factors

7    set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8    provisions, and of the consequences of entering into this agreement.

9    To my knowledge: no promises, inducements, or representations of any

10   kind have been made to my client other than those contained in this

11   agreement; no one has threatened or forced my client in any way to

12   enter into this agreement; my client's decision to enter into this

13   agreement is an informed and voluntary one; and the factual basis set

14   forth in this agreement is sufficient to support my client's entry of

15   a guilty plea pursuant to this agreement.

16

17   _____        06/27/2023
     MICHAEL BROWN                                _____
     Deputy Federal Public Defender              Date
18   Attorney for Defendant JULIA BETH
     CODA
19

20

21

22

23

24

25

26

27

28

                                    19